**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **LEMVEGA CAPITAL, LLC. Y CAROLINE FARAH LEMBCK** DEMANDANTE | **CIVIL NUM.** |
| vs. | **SOBRE:** |
| **KIAVASH KAZEMIAN, MICHAEL THOMAS KELLY, JOHN Y JANE DOE,** DEMANDADOS | **ENTREDICHO PROVISIONAL; INJUNCTION PROVISIONAL Y PERMANENTE; DAÑOS Y PERJUICIOS; INCUMPLIMIENTO DE CONTRATO** |

<u>**DEMANDA**</u>

**AL HONORABLE TRIBUNAL**:

Comparecen **LEMVEGA CAPITAL, LLC. y CAROLINE FARAH LEMBCK**, a través de su representante legal, y muy respetuosamente expone, alega y solicita:

**I. JURISDICCIÓN Y COMPETENCIA**

1.      Este Honorable Tribunal tiene jurisdicción sobre el asunto planteado en la presente Demanda, a tenor con el Artículo 5.001 de la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, <u>4 L.P.R.A. §§24</u> *et seq*, ya que el caso o controversia que da lugar a esta Demanda surge dentro de la demarcación territorial de Puerto Rico.

2.      Conforme a la <u>Regla 3.5 de las de Procedimiento Civil</u>, la presente reclamación se presenta en la Sala Superior de San Juan. Ya que las partes demandadas son residentes y/o tienen dirección de oficina en el Municipio de San Juan, la Sala Superior de San Juan es la sala con competencia en el caso de epígrafe.

3.      Este caso se presenta en virtud de lo dispuesto en el Código de Enjuiciamiento Civil de Puerto Rico de 1933, Según Enmendado, en particular su Artículo 677, 32 L.P.R.A. 3523, así como lo dispuesto en la Regla 57 de los de Procedimiento Civil de 2009, Según Enmendadas, así como de todas la legislación y jurisprudencia aplicable.

## II. PARTES

4. **DEMANDANTE: LEMVEGA CAPITAL, LLC,** en adelante **("LEMVEGA")** es una compañía de responsabilidad limitada, registrada y operando bajo las leyes del Estado Libre Asociado de Puerto Rico, con oficinas y dirección postal en 450 Ave. De la Constitución, Ste. 200, San Juan, PR 00901. Tel. 939-317-0609. E-mail: info@lemvegacapital.com.

5. **DEMANDANTE**: **CAROLINE FARAH LEMBCK**, en adelante ("**LEMBCK**") mayor de edad, soltera, ejecutiva y vecina de Carolina, PR y dirección postal 450 Ave. De la Constitución, Ste. 200, San Juan, PR 00901. Tel. 939-317-0609. E-mail: info@lemvegacapital.com.

6. Que las partes antes descritas en los párrafos 4 y 5, en conjunto se denominan como los ("**DEMANDANTES**")

7. **CO-DEMANDADO**: **KIAVASH KAZEMIAN**, en adelante ("**KAZEMIAN**") persona natural, mayor de edad, soltero y residente San Juan, Puerto Rico, con la siguiente dirección física y postal: 925 Calle Sola, San Juan, PR 00907. Tel. 415-559-9492. E-mail: kiascareer@gmail.com; kia@apvusa.com.

8. **CO-DEMANDADO**: **MICHAEL THOMAS KELLY**, en adelante ("**KELLY**"), persona natural, mayor de edad, soltero y residente del Estado de Nueva York. Estados Unidos de América, con la siguiente dirección física y postal: 218 E. Park Ave., Long Beach, NY 11561.Tel. 631-219-5016; E-mail michael.kelly@investmentscy.com

9. **CO-DEMANDADOS**, **JOHN DOE, y JANE DOE**, son personas naturales o corporaciones que podrían ser responsables ante la parte demandante por todos los daños y perjuicios sufridos por estos, pero cuya identidad es desconocida. Una vez se descubra la verdadera identidad los mismos serán incluidos en la demanda.

10. Que las partes antes descritas en los párrafos 7, 8 y 9, en conjunto se denominan como los ("**DEMANDADOS**").

### III. HECHOS

11. El 19 de abril de 2024, **LEMVEGA**, entró en una relación contractual con **KAZEMIAN**.

12. El 24 de junio de 2024, **LEMVEGA**, entró en una relación contractual con **KELLY**.

13. El 30 de julio de 2024, **LEMVEGA** terminó su relación contractual con **KELLY**, refiérase al Exhibit 1.

14. El 31 de julio de 2024, **KAZEMIAN**, termina la relación contractual con **LEMVEGA**, refiérase al Exhibit 2.

15. Durante el periodo de tiempo en el que los **DEMANDADOS** fueron contratistas de **LEMVEGA**, los Demandados tuvieron acceso a información confidencial y propietaria sobre las operaciones comerciales, finanzas y planes estratégicos de **LEMVEGA**.

16. Posteriormente, **LEMVEGA** advino en conocimiento de que los **DEMANDADOS** comenzaron a llevar a cabo conductas perjudiciales, incluyendo, pero no limitado a contacto inapropiado con clientes, socios y contratistas de **LEMVEGA**, además de realizar declaraciones difamatorias sobre las operaciones y ejecutivos de la empresa, así como de **LEMBCK**, por correos electrónicos, mensajes de textos y publicaciones en redes sociales.

17. Así mismo, los **DEMANDADOS** han estado acosando a contratistas, oficiales y socios de **LEMVEGA** en sus redes sociales, refiérase al Exhibit 3.

18. En respuesta a estas actuaciones, **LEMVEGA** envió cartas de Cese y Desista a los **DEMANDADOS**, solicitándoles detener sus acciones perjudiciales y difamatorias, véase Exhibits 4 y 5.

19. A pesar de estas advertencias, los aquí **DEMANDADOS** continuaron, y aún continúan, realizando expresiones difamatorias, publicaciones difamatorias en redes sociales, insinuaciones, acosos y contactos inapropiados con clientes, oficiales, socios y/o contratistas de **LEMVEGA**.

20. El 12 de noviembre de 2024, **KELLY** contactó a personas asociadas a **LEMVEGA**, donde afirmó, de manera falsa y maliciosa, que la empresa le había cometido fraude a la Securities and Exchange Commission ("SEC", por sus siglas en inglés), y también que **LEMBCK** era una prostituta e invitando a los recipientes de dichos mensajes a comunicarse con KAZEMIAN a su número de teléfono, proveyendo el número telefónico de este último, para quien quisiera conocer más a fondo los hechos alegados en el mensaje.

21. Estas actuaciones maliciosas y difamatorias han ocasionado un daño significativo a la imagen y reputación de los **DEMANDANTES**.

22. El 11 de noviembre de 2024, **KAZEMIAN** se intentó comunicar al lugar de trabajo de la madre de **LEMBCK**, sin que su llamada fuera recibida.

23. Al siguiente día, el 12 de noviembre de 2024, **KAZEMIAN** vuelve a realizar una llamada a la madre de **LEMBCK,** a su lugar de trabajo, la cual fue contestada y dónde afirmó falsamente ser amigo de **LEMBCK** y expresando su deseo de "ponerse al día" con **LEMBCK**.

24. Esta tergiversación fue un intento deliberado y manipulador de traspasar límites personales y profesionales, utilizando medios engañosos para entrometerse en la vida personal y el entorno familiar de **LEMBCK**.

25. La naturaleza y el contexto de la llamada interrumpieron el ambiente profesional de la madre de **LEMBCK**, causándole confusión y angustia emocional, al ya esta conocer de los actos de difamación y hostigamiento de **KAZEMIAN** contra los **DEMANDANTES**.

26. Este acto calculado resalta la intención de **KAZEMIAN** de continuar con su patrón de acoso e intimidación, utilizando canales familiares y profesionales para intensificar su conducta negligente. Al presentarse falsamente como amigo, **KAZEMIAN** buscó explotar la confianza de la madre de **LEMBCK**, demostrando un desprecio malicioso por el bienestar y la privacidad tanto de **LEMBCK** como de su familia.

27. Este comportamiento evidencia un esfuerzo más amplio por desestabilizar e infligir daño psicológico a **LEMBCK** y por ende afectar así las operaciones de **LEMVEGA**.

28. El 12 de noviembre de 2024, dada la gravedad de los actos de los **DEMANDADOS**, **LEMBCK** radicó sendas denuncias en contra de los Demandados bajo las disposiciones de la Ley Núm. 284 de 21 de agosto de 1999 (33 L.PR.A. § 4013), según enmendada, por acoso, ciberacoso y amenazas, buscando una intervención legal en el ámbito penal; y así mitigar los daños causados por los **DEMANDADOS**.

4

29.     Las denuncias abordaron específicamente la conducta deliberada de los **DEMANDADOS**, incluyendo el uso de comunicaciones electrónicas para intimidar y acosar, perturbando así la paz personal y el bienestar emocional de **LEMBCK**.

30.     El 15 de noviembre de 2024, el Tribunal de Primera Instancia de Puerto Rico, Sala Municipal Virtual bajo el caso número SMVL2842024-00809, emitió orden de protección en contra de **KELLY**, conforme a lo dispuesto por la Ley 284, antes referida, refiérase al Exhibit 6.

31.     Como resultado de estas acciones, los **DEMANDANTES** han sufrido y continúan sufriendo un daño irreparable a su reputación personal y de negocios, además de interferir con las relaciones laborales y la productividad de la empresa.

32.     Los aquí **DEMANDADOS** han actuado y continúan actuando de manera intencionada y con pleno conocimiento de que sus acciones están perjudicando la reputación comercial y los negocios de **LEMVEGA** y la reputación personal de **LEMBCK**.

33.     El daño a la reputación de **LEMBCK** también perjudicó gravemente la percepción pública de **LEMVEGA**, reduciendo su capacidad para retener y atraer nuevos clientes, y afectando su credibilidad en el mercado financiero.

34.     Por otro lado, durante su periodo como contratista de **LEMVEGA**, **KAZEMIAN** estaba encargado de gestionar relaciones clave con clientes y de supervisar parte de los activos bajo manejo (AUM, por sus siglas en inglés) de la empresa.

35.     Sin embargo, debido a su negligencia y falta de cumplimiento con los estándares profesionales requeridos, **KAZEMIAN** falló en preservar y manejar adecuadamente las relaciones con clientes clave, lo que resultó en la pérdida de confianza de dichos clientes**.**

36.     Estas acciones negligentes causaron que LEMVEGA perdiera aproximadamente trescientos millones de dólares ($300,000,000.00) en AUM, afectando directamente los ingresos de la empresa y su posición en el mercado financiero.

37.    La negligencia de **KAZEMIAN** constituye una violación directa de sus responsabilidades contractuales y de las obligaciones de diligencia que debía cumplir mientras prestaba servicios para **LEMVEGA**.

## IV. CAUSAS DE ACCION

### A. ENTREDICHO PROVISIONAL E INJUNCTION PRELIMINAR Y PERMANENTE

38.    Las alegaciones contenidas en los párrafos 11 al 37, se incorporan por referencia.

39.    Acorde con lo dispuesto en el Código de Enjuiciamiento Civil, en su Artículo 677 (32 LPRA § 3523), es procedente la intervención de este Honorable Tribunal para que dicte una Orden de Entredicho Provisional, Injunction Preliminar e Injunction Permanente para evitar que los aquí DEMANDADOS, continúen con los actos anteriormente descritos.

40.    Debido al daño irreparable y continuo que las acciones de los Demandados están causando a los **DEMANDANTES**, se requiere un entredicho provisional, injunction preliminar y permanente para detener inmediatamente dichas conductas.

41.    Los **DEMANDANTES** solicitan una Orden de Injunction debido a que resulta extremadamente complejo determinar con exactitud la cantidad de compensación que constituiría un remedio adecuado para los daños sufridos por estos.

42.    Si no se concede el entredicho provisional, los **DEMANDANTES** sufrirán un daño inmediato e irreparable debido a la continuidad de las acciones difamatorias de los **DEMANDADOS**.

43.    No existe remedio administrativo o alterno a los **DEMANDANTES** para mitigar sus daños que no sea el foro judicial y el remedio interdictal.

44.    Los **DEMANDANTES** entienden que procede, como remedio rápido, efectivo y posible en derecho, solicitar el interdicto preliminar y permanente que se solicita en la presente demanda ya que continuará sufriendo daños irreparables de no concederse lo solicitado.

45.    Los **DEMANDANTES** tienen derecho a que este Honorable Tribunal ordene a los **DEMANDADOS** que no comentan actos contrarios a los derechos de estos.

46.     Es en interés de la justicia y equidad, que este Honorable Tribunal emita un interdicto provisional ordenando a los **DEMANDADOS** a cesar y desistir inmediatamente de sus actuaciones contra los **DEMANDANTES** y contactos con los contratistas, oficiales y clientes de **LEMVEGA** y familiares de **LEMBCK**.

47.     El balance de perjuicios favorece claramente a los **DEMANDANTES**, ya que las acciones continuas de los **DEMANDADOS** han causado un daño irreparable, afectando las operaciones comerciales y las relaciones contractuales de **LEMVEGA**.

48.     Por el contrario, conceder las órdenes solicitadas no generará un perjuicio desproporcionado a los **DEMANDADOS**.

### B.     DAÑOS Y PERJUICIOS

49.     Los hechos alegados en los párrafos 11 al 48 se incorporan aquí por referencia.

50.     Los demandados han realizado múltiples declaraciones falsas y difamatorias contra los **DEMANDANTES** a través de correos electrónicos, mensajes de texto y publicaciones en redes sociales.

51.     Estas declaraciones incluyen insinuaciones de carácter ofensivo, maliciosamente dirigidas a atacar el carácter de la Oficial Ejecutiva Principal de **LEMVEGA**, **LEMBCK**, las cuales fueron diseminadas, igualmente, a contratistas, socios y clientes de la empresa.

52.     Estas expresiones difamatorias han afectado gravemente la imagen y reputación de los **DEMANDANTES,** causando:

    a.  Deterioro en las relaciones laborales con contratistas y socios;

    b.  Interferencia con las relaciones comerciales y su clientela; y

    c.  Daño irreparable a la reputación personal y profesional de **LEMBCK**.

53.     Las acciones de los demandados constituyen difamación conforme a la legislación aplicable, ya que sus declaraciones son falsas, maliciosas y publicadas con el conocimiento de su falsedad para difamar a los **DEMANDANTES**.

54.     Como resultado directo de estas acciones, los **DEMANDANTES** han sufrido y continúan sufriendo pérdidas económicas, daños a su reputación y angustia emocional, tanto a nivel empresarial como personal para sus oficiales.

55.     Así también, las pérdidas económicas de aproximadamente $300,000,000.00 AUM) debido a la negligencia de **KAZEMIAN** tuvo un impacto devastador en las operaciones comerciales y la estabilidad financiera de **LEMVEGA**, afectando directamente sus ingresos proyectados y relaciones con clientes clave.

56.     Los **DEMANDANTES** solicitan que este Honorable Tribunal ordene a los demandados indemnizar por los daños y perjuicios sufridos, conforme al Artículo 1536 del Código Civil de Puerto Rico (31 L.P.R.A. § 10801), y demás leyes aplicables.

57.     A la fecha de la presentación de esta demanda, los daños sufridos por los **DEMANDANTES** se estiman en una suma no menor de setenta millones de dólares ($70,000,000.00); el monto exacto de los daños será determinado durante el transcurso de los procedimientos judiciales, tomando en consideración las actuaciones continuas de los **DEMANDADOS**, las cuales persisten a pesar de las múltiples solicitudes de Cese y Desista realizadas por los **DEMANDANTES**.

## C.     INCUMPLIMIENTO DE CONTRATO

58.     Los hechos alegados en los párrafos 11 al 57 se incorporan aquí por referencia.

59.     Los **DEMANDADOS**, entraron en relaciones contractuales válidas y vinculantes con **LEMVEGA**, que incluían cláusulas específicas sobre confidencialidad, no competencia y no desacreditación.

60.     Estas cláusulas imponían un deber a los demandados de abstenerse de divulgar información confidencial, realizar actos de competencia con **LEMVEGA** y/o desacreditar a la empresa, sus operaciones y/o sus oficiales.

61.     A pesar de estos términos contractuales, los demandados incumplieron dichas cláusulas al:

   a.   Divulgar información confidencial de **LEMVEGA**;
   b.   Hacer declaraciones difamatorias sobre LEMVEGA y su Principal Oficial Ejecutiva **LEMBCK**; y
   c.   Participar en actividades que interfieren con las relaciones comerciales de **LEMVEGA**.

62.     Estos incumplimientos han causado daños irreparables a la reputación comercial y a las relaciones contractuales de **LEMVEGA**.

63. Acorde con lo dispuesto en el Código Civil de Puerto Rico en su artículo 1273 (31 L.P.R.A. § 9883), los demandados son responsables de compensar a **LEMVEGA** por los daños derivados de su comportamiento post-contractual.

64. Así mismo, durante su relación contractual con **LEMVEGA**, **KAZEMIAN** tenía la obligación de cumplir con los más altos estándares profesionales y de actuar con diligencia en el manejo de los clientes y activos asignados.

65. La negligencia de **KAZEMIAN** en el manejo de relaciones clave resultó en la pérdida de aproximadamente $300,000,000.00 en AUM, un incumplimiento directo de sus obligaciones contractuales.

66. Como resultado de este incumplimiento, **LEMVEGA** sufrió pérdidas económicas significativas, lo que constituye un daño directo e irreparables.

67. A la fecha de la presentación de esta demanda, los daños sufridos por los **DEMANDANTES** se estiman en una suma no menor de setenta millones de dólares ($70,000,000.00); el monto exacto de los daños será determinado durante el transcurso de los procedimientos judiciales, tomando en consideración las actuaciones continuas de los **DEMANDADOS**, las cuales persisten a pesar de las múltiples solicitudes de Cese y Desista realizadas por los **DEMANDANTES**.

## V. SUPLICA

Por todo lo anterior expuesto, los **DEMANDANTES** muy respetuosamente solicitan a este Honorable Tribunal que declare **CON LUGAR** esta Demanda y:

A. Emita un entredicho provisional prohibiendo a los **DEMANDADOS** de realizar cualquier publicación y/o comunicación, por cualquier medio, incluyendo, pero sin limitarse a redes sociales, mensajes de texto y correos electrónicos, dirigidos a los clientes, contratistas, socios de **LEMVEGA**, sobre las operaciones y la capacidad de los oficiales de la empresa, hasta que este Tribunal emita una determinación final en cuanto a la solicitud de injunction permanente; y cualquier otra acción que interfiera con las operaciones y relaciones laborales de la empresa.

B. Emita una orden de injunction permanente que prohíba a los **DEMANDADO** de realizar en el futuro cualquier publicación y/o comunicación, por cualquier medio, incluyendo, pero sin limitarse a, redes sociales, mensajes de texto y correos electrónicos, dirigidos a los clientes, contratistas, socios de **LEMVEGA**, sobre las

operaciones y la capacidad de los oficiales de la empresa; y cualquier otra acción que interfiera con las operaciones y relaciones laborales de la empresa.

C. Dicte sentencia condenando a los **DEMANDADOS** a pagar solidariamente las sumas aquí reclamadas, más las costas, gastos y honorarios de abogados de la presente acción, con cualquier otro remedio que en derecho proceda.

D. Conceda cualquier otro remedio adicional, preliminar o permanente, que este Honorable Tribunal estime que en Derecho procedan.

**RESPETUOSAMENTO SOMETIDO**

En San Juan, Puerto Rico a 20 de noviembre de 2024.

f./ *Abelardo O. Dauhajre Dávila*
**Abelardo O. Dauhajre Dávila**
**RUA 17,919**
Abogados de los Demandantes
550 Ave. de la Constitución
Apt. 607
San Juan, PR  00901
Tel. 787-309-4186
E-mail: abedauhajre@outlook.com

10

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE SAN JUAN

| | |
|---|---|
| **LEMVEGA CAPITAL, LLC. Y**<br><br>**CAROLINE FARAH LEMBCK**<br><br>DEMANDANTE<br><br>vs.<br><br>**KIAVASH KAZEMIAN,**<br>**MICHAEL THOMAS KELLY,**<br>**JOHN Y JANE DOE,**<br>DEMANDADOS | CIVIL NUM.<br><br>SOBRE:<br><br>**ENTREDICHO PROVISIONAL;**<br>**INJUNCTION PROVISIONAL Y**<br>**PERMANENTE;**<br>**INCUMPLIMIENTO DE CONTRATO**<br>**DAÑOS Y PERJUICIOS** |

## SWORN STATEMENT
### *DECLARACION JURADA*

I, **CAROLINE FARAH LEMBCK**, of legal age, single, executive and resident of Carolina, Puerto Rico, as for herself and as representative of LEMVEGA CAPITAL, LLC., do hereby DECLARE:

*Yo, Caroline Farah Lembck, mayor de edad, soltera, ejecutiva y residente Carolina, Puerto Rico, por sí y en representación de LEMVEGA CAPITAL, LLC., declaro:*

1. That my name and other personal circumstances are as above mentioned.

*1. Que mi nombre y otras circunstancias personales son las anteriormente expresadas.*

2. I'm duly authorized to represent LEMVEGA CAPITAL, LLC.

*2. Que estoy debidamente autorizada a representar a LEMVEGA CAPITAL, LLC.*

3. I've read the Complaint in the case of LEMVEGA CAPITAL, LLC., and CAROLINE FARAH LEMBCK v. KIAVASH KAZEMIAN, MICHAEL THOMAS KELLY, JOHN DOE and RICHARD ROE.

*3. Que he leído la Demanda en el caso de LEMVEGA CAPITAL, LLC., y CAROLINE FARAH LEMBCK v. KIAVASH KAZEMIAN, MICHAEL THOMAS KELLY, JOHN DOE y JANE DOE.*

4. That the Complaint was drafted based on the information contained in our records, as informed and requested by LEMVEGA CAPITAL, LLC., and based on my own personal knowledge.

4. *Que la Demanda fue redactada, según la información que consta en nuestros archivos, y según es informado y solicitado por LEMVEGA, LLC., y la que me consta por personal y propio conocimiento.*

5. That the authorizing notary has advised me of the criminal consequences of making false statements.

5. *Que el notario autorizante me ha orientado de las consecuencias penales de realizar declaraciones falsas.*

6. That all expressed previously is the truth and nothing but the truth.

6. *Que todo lo declarado anteriormente es la verdad y nada más que la verdad.*

In San Juan, Puerto Rico, this 16th day of November 2024.
*En San Juan, Puerto Rico, a 16 de noviembre de 2024.*

CAROLINE FARAH LEMBCK as for herself and in representation of LEMVEGA CAPITAL, LLC.
*CAROLINE FARAH LEMBCK por y en representación de LEMVEGA CAPITAL, LLC.*

Affidavit: 6154

Signed and subscribed before me by CAROLINE FARAH LEMBCK of the aforementioned personal circumstances who is personally known to me.

*Firmado y suscrito ante mi por CAROLINE FARAH LEMBCK de las circunstancias personales antes expresadas, y a quien doy fe de conocer personalmente.*

In San Juan, Puerto Rico, this 18th day of November, 2024.
*En San Juan, Puerto Rico, a 18 de noviembre de 2024.*

PUBLIC NOTARY/NOTARIO PUBLICO

Sello

RECIBO

4022-0496-2374

# Exhibit 1

**aodd75@icloud.com**

---

| | |
|---|---|
| **From:** | HR LemVega Capital <HR@lemvegacapital.com> |
| **Sent:** | Tuesday, November 12, 2024 5:06 PM |
| **To:** | aodd75@icloud.com |
| **Subject:** | Fwd: Document and TL |

---------- Forwarded message ---------
From: **HR LemVega Capital** <HR@lemvegacapital.com>
Date: Tue, Jul 30, 2024 at 1:51 PM
Subject: Document and TL
To: michael.kelly@investmentscy.com <michael.kelly@investmentscy.com>, Caroline Lembck <caroline@lemvegacapital.com>, <angelina@lemvegacapital.com>

Dear Michael Kelly,

   Hello we are reaching out to you with a Termination Letter of our Capital Raising Contract. Normally you would not have to sign and date the type of letter that was sent but as a formality and courtesy we wanted to make sure that you read it and understood your rights as well. You also requested a Cease and desist your email and documentation so if you could sign the letter we will also sign stating that any information that is not directly associated and owned by our company will be withheld as is your right.

   If we hear nothing back the letter will go through as of August 7th, 2024 and be an official document with LemVega Capital.

   We thank you for your time with LemVega Capital, and if we do not hear from you we wish you all the best on any future endeavors that you may have.

If you have any trouble getting into the shared link below please let us know and we can resend it if needed.
I am also cc'ing myself along with caroline in case I don't receive your email right away or happen to miss it. That way I am able to see it on my other email as well and can respond as soon as possible if you have any questions. Our office hours are below, if for some reason we don't respond within the hour please feel free to reach out through my other email as well and I will respond when available.

HR availability Monday-Friday 8am-6pm
*- HRPM*
HR@lemvegacapital.com
*Human Resources Project Management*
Angelina Engro

https://docs.google.com/document/d/1ZSwP1XFpeV8Nwg3qGrlsbYrfkgOZdO3kM0G7EyLNKM0/edit?usp=sharing

1

Exhibit 2



SJ2024CV10738 20/11/2024 10:42:49 pm Entrada Núm. 1 Página 1 de 5
Case 3:25-cv-01218 Document 1-1 Filed 03/07/25 Page 15 of 30

Exhibit 3

← Kia Kazemian ●●●  ☆

**View my services**



**Kia Kazemian**  · 1st

Customer Success | Enterprise Management | Proactive Problem-Solver | SaaS, PMP, Scrum

―――― OCT 30 ――――

 **Kia Kazemian** · 9:57 pm

Hi ████ ,

It's great connecting with you. We both worked at LemVega. I have some updates regards to the company and I wanted to share with you.

Thanks



Caroline – I received this via LinkedIn today after I did not accept Kia's meeting reques

TODAY

▓▓▓▓▓ · 10:08 am

Hi Caroline! I will try to log in to the google chat. I have been approached by some people who are not working with you anymore, and I would like to hear your side of the story.

 ▓▓▓▓▓ · 10:10 am

I'm very careful about my reputation and the people I work with, and do not like tension and conflict.

Please let me know a good time to chat

😊

( Right now? )  ( Right now )  ( We can talk now )

  

◀ Safari

← **Kia Kazemian**   •••      ☆



**Kia Kazemian** 🛡 · 1st

Customer Success | Enterprise Management | Proactive Problem-Solver | SaaS, PMP, Scrum

 ——— **TODAY** ———

 **Kia Kazemian** · 5:08 pm

Hi ,

It's great connecting with you. We both worked at LemVega. How are you?

☺︎⁺

👍



   Write a message...   🎤

← **Kia Kazemian** ···  ☆



**Kia Kazemian** 🛡 · 2nd

Customer Success | Enterprise Management | Proactive Problem-Solver | SaaS, PMP, Scrum

— **WEDNESDAY** —

 **Kia Kazemian** · 2:38 am

**Reconnecting from LemVega**

Hi █████,

How are you? I wanted to connect you on here and give you some updates.

Thanks,
Kia

— **TODAY** —

 Write a message... 🎤

# Exhibit 4

**abedauhajre@outlook.com**

---

| | |
|---|---|
| **From:** | Caroline Lembck <caroline@lemvegacapital.com> |
| **Sent:** | Tuesday, November 19, 2024 10:52 AM |
| **To:** | Abelardo Dauhajre |
| **Subject:** | Fwd: Immediate Compliance Required: Cease and Desist |
| **Attachments:** | IMMEDIATE CEASE AND DESIST DEMAND BY LEMVEGA CAPITAL LLC. AND AFFILIATES.pdf |

Caroline Farah Lembck, MBA, PhD (abd)
CEO, Founder, Managing Partner
www.lemvegacapital.com
caroline@lemvegacapital.com
+1 (610) 818-2865
LemVega Capital®

The information transmitted by this email is intended only for the person or entity to which it is addressed. This email may contain proprietary, business-confidential and/or privileged material. If you are not the intended recipient of this message, be aware that any use, review, retransmission, distribution, reproduction or any action taken in reliance upon this message is strictly prohibited. If you received this in error, please contact the sender and delete the material from all computers.

---------- Forwarded message ---------
From: **Legal LemVega Capital** <legal@lemvegacapital.com>
Date: Fri, Aug 2, 2024 at 7:48 PM
Subject: Immediate Compliance Required: Cease and Desist
To: kia@apvusa.com <kia@apvusa.com>, kiascareer@gmail.com <kiascareer@gmail.com>

Dear Mr. Kazemian,

Please find attached an urgent Cease and Desist demand from LemVega Capital LLC. This document addresses your recent unprofessional and unethical conduct, including several serious mistakes, breaches of confidentiality, and false accusations, which have resulted in significant financial and reputational damage to our firm.

We demand your immediate attention and compliance with the directives outlined in the attached letter. Your actions, including sending incorrect information, unprofessional behavior, and breaches of our non-disparagement and confidentiality agreements, have jeopardized our business relationships and operations.

You are required to cease all such activities immediately and confirm in writing by the close of business on August 24, 2024, that you have done so. Failure to comply will result in swift and severe legal consequences. We advise you to take this warning seriously and govern yourself accordingly.

Additionally, we remind you that you signed paperwork, including an NDA, and agreed to adhere to the HR handbook. Whether you are currently working for the company or have been terminated, all employees are obliged to follow these guidelines to avoid legal action that could cause a loss of revenue.

We expect your prompt compliance and written confirmation within the specified timeframe. Let us be clear: any deviation or negligence on your part will be met with aggressive legal action to protect our firm's integrity and legal rights.

Regards,

Legal Team, LemVega Capital LLC

Exhibit 4

LEMVEGA CAPITAL LLC.

August 2, 2024

Kia Kazemian

RE: IMMEDIATE CEASE AND DESIST DEMAND BY LEMVEGA CAPITAL LLC.

Dear Mr. Kazemian,

We are writing on behalf of LEMVEGA CAPITAL LLC. to address serious concerns regarding your recent actions and statements concerning our organization. As you are aware, LEMVEGA CAPITAL LLC. is duly registered with both the SEC and FINRA and operates under a government-granted decree in Puerto Rico pursuant to Act 60. Your recent behavior, including serious mistakes, breaches of confidentiality, and unprofessional conduct, has resulted in significant financial and reputational damage to our firm.

Specifically, your actions included:

1. Sending incorrect information regarding our fund structure to a potential partner.
2. Discussing the acquisition of a Chinese company, which is not part of our structure.
3. Admitting personal inexperience with our industry to potential partners.
4. Sending incorrect emails to partners, sharing co-GP information with banking partners, and jeopardizing our relationships.
5. Sharing confidential information and trade secrets with unaffiliated parties and possible competitors.

Additionally, your unprofessional conduct, combative and disrespectful behavior, and failure to value the opportunities outlined in the original proposal have further damaged our firm. Your breaches of non-disparagement and confidentiality agreements, including sharing LEMVEGA CAPITAL LLC. contacts and confidential information, are unacceptable.

Given the serious nature of this matter, we demand that you immediately cease and desist from making any further defamatory statements about LEMVEGA CAPITAL LLC. Based on the foregoing, we demand that you immediately cease and desist your unlawful activities and confirm in writing by the close of business on 08/24/24 that you have complied and will continue to comply with the following:

1. Cease and desist from tortiously interfering with or from conspiring to tortiously interfere with LEMVEGA CAPITAL LLC.'s business relations with its contacts, clients, vendors, partners, and sponsors, or connections.
2. Cease and desist from making any defamatory statements about LEMVEGA CAPITAL LLC., its employees, partners, and affiliates.

3.  Cease any breaches of non-disparagement and confidentiality agreements, including contacting LEMVEGA CAPITAL LLC.'s business contacts, or personal contacts of the CEO of LEMVEGA CAPITAL LLC.
4.  Refrain from any further unauthorized actions that violate our code of conduct or infringe upon our rights and reputation.
5.  Cease all communication with LEMVEGA CAPITAL LLC.'s team members as instructed by HR.

LEMVEGA CAPITAL LLC. takes its business interests and its confidential, proprietary, and trade secret information very seriously, and will take all necessary and appropriate steps to prevent any misappropriation or disclosure of its trade secrets, confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities.

Furthermore, you are now on notice of potential litigation and you are subject to the jurisdiction of the courts of Puerto Rico. You are required to take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, cloud storage accounts, and other data, wherever located and regardless of the format or media. Be forewarned that purposeful destruction of this evidence may result in penalties, including legal sanctions.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of LEMVEGA CAPITAL LLC.'s rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

We expect your prompt compliance and written confirmation within the specified timeframe. Let us be clear: any deviation or negligence on your part will be met with aggressive legal action to protect our firm's integrity and legal rights.

Regards,

_____

LemVega Capital Legal Team

**aodd75@icloud.com**

| | |
|---|---|
| **From:** | HR LemVega Capital <HR@lemvegacapital.com> |
| **Sent:** | Tuesday, November 12, 2024 5:04 PM |
| **To:** | aodd75@icloud.com |
| **Subject:** | Fwd: Immediate Compliance Required: Cease and Desist |
| **Attachments:** | IMMEDIATE CEASE AND DESIST DEMAND BY LEMVEGA CAPITAL LLC. AND AFFILIATES.pdf |

---------- Forwarded message ---------
From: **Legal LemVega Capital** <legal@lemvegacapital.com>
Date: Fri, Aug 2, 2024 at 7:51 PM
Subject: Immediate Compliance Required: Cease and Desist
To: michael.kelly@investmentscy.com <michael.kelly@investmentscy.com>

Dear Mr. Kelly,

Please find attached an urgent Cease and Desist demand from LemVega Capital LLC. This document addresses your recent unprofessional and unethical conduct, including threats and false accusations, which have resulted in serious legal infractions.

We demand your immediate attention and compliance with the directives outlined in the attached letter. Your baseless accusations, including claims of unauthorized use of your logo, and unlawful behavior are not only damaging but also legally actionable. LemVega Capital LLC will not tolerate further defamation or any dissemination of false information.

You are required to cease all such activities immediately and confirm in writing by the close of business on August 24, 2024, that you have done so. Failure to comply will result in swift and severe legal consequences. We advise you to take this warning seriously and govern yourself accordingly.

Additionally, we remind you that you signed paperwork, including an NDA, and agreed to adhere to the HR handbook. Whether you are currently working for the company or have been terminated, all employees are obliged to follow these guidelines to avoid legal action that could cause a loss of revenue.

We expect your prompt compliance and written confirmation within the specified timeframe. Let us be clear: any deviation or negligence on your part will be met with aggressive legal action to protect our firm's integrity and legal rights.

Regards,

Legal Team, LemVega Capital LLC

LEMVEGA CAPITAL LLC.

August 2, 2024

Michael Kelly

RE: IMMEDIATE CEASE AND DESIST DEMAND BY LEMVEGA CAPITAL LLC.

Dear Mr. Kelly,

We are writing on behalf of LEMVEGA CAPITAL LLC. to address serious concerns regarding your recent actions and statements concerning our organization. As you are aware, LEMVEGA CAPITAL LLC. is duly registered with both the SEC and FINRA and operates under a government-granted decree in Puerto Rico pursuant to Act 60. Your recent behavior, including claims of unauthorized use of your logo, allegations of copyright infringement, threats, and defamatory statements, has been damaging to our reputation and operations.

Your unprofessional and unethical conduct, including aggressive behavior, vague and non-transparent dealings, and potential legitimacy concerns raised by our advisors, has violated our code of conduct for professionalism in the workplace. Your unauthorized claims of copyright infringement and demands for logo removal without proper authorization are unwarranted and legally baseless. LEMVEGA CAPITAL LLC. has not used your logo without authorization, and your allegations are unfounded.

Additionally, your unprofessional conduct, combative and disrespectful behavior, and failure to value the opportunities outlined in the original proposal have further damaged our firm. Your breaches of non-disparagement and confidentiality agreements, including sharing LEMVEGA CAPITAL LLC. contacts and confidential information, are unacceptable.

Given the serious nature of this matter, we demand that you immediately cease and desist from making any further defamatory statements about LEMVEGA CAPITAL LLC. Based on the foregoing, we demand that you immediately cease and desist your unlawful activities and confirm in writing by the close of business on 08/24/24 that you have complied and will continue to comply with the following:

1. Cease and desist from tortiously interfering with or from conspiring to tortiously interfere with LEMVEGA CAPITAL LLC.'s business relations with its contacts, clients, vendors, partners, and sponsors, or connections.
2. Cease and desist from making any defamatory statements about LEMVEGA CAPITAL LLC., its employees, partners, and affiliates.
3. Cease any breaches of non-disparagement and confidentiality agreements, including contacting LEMVEGA CAPITAL LLC.'s business contacts, or personal contacts of the CEO of LEMVEGA CAPITAL LLC.

4.  Cease any baseless claims of copyright infringement or unauthorized use of your logo by LemVega Capital LLC.
5.  Refrain from any further unauthorized actions that violate our code of conduct or infringe upon our rights and reputation.
6.  Cease all communication with LEMVEGA CAPITAL LLC.'s team members as instructed by HR.

LEMVEGA CAPITAL LLC. takes its business interests and its confidential, proprietary, and trade secret information very seriously, and will take all necessary and appropriate steps to prevent any misappropriation or disclosure of its trade secrets, confidential information, or any breach of its contracts, tortious interference with its business relations, or usurpation of its corporate opportunities.

Furthermore, you are now on notice of potential litigation and you are subject to the jurisdiction of the courts of Puerto Rico. You are required to take all necessary steps to preserve, and not destroy, conceal, or alter, any and all communications and documents relevant to this matter, including by way of example, and without limitation, emails, text messages, social media posts, voicemails, records, files, cloud storage accounts, and other data, wherever located and regardless of the format or media. Be forewarned that purposeful destruction of this evidence may result in penalties, including legal sanctions.

This letter is not intended as a full recitation of the facts or a complete review of applicable law. Nothing contained in or omitted from this letter is or shall be deemed to be a limitation, restriction, or waiver of any of LEMVEGA CAPITAL LLC.'s rights or remedies, either at law or in equity, in connection with any of the matters raised herein, all of which are expressly reserved.

We expect your prompt compliance and written confirmation within the specified timeframe. Let us be clear: any deviation or negligence on your part will be met with aggressive legal action to protect our firm's integrity and legal rights.

Regards,

LemVega Capital Legal Team

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE SAN JUAN**

| | |
|---|---|
| **LEMVEGA CAPITAL, LLC. Y CAROLINE FARAH LEMBCK** DEMANDANTES | **CIVIL NUM. SJ2024CV10738** **SALA: 901** **SOBRE:** |
| vs. | |
| **KIAVASH KAZEMIAN, MICHAEL THOMAS KELLY, JOHN Y JANE DOE,** DEMANDADOS | **ENTREDICHO PROVISIONAL; INJUNCTION PROVISIONAL Y PERMANENTE; DAÑOS Y PERJUICIOS; INCUMPLIMIENTO DE CONTRATO** |

## MOCIÓN EN CUMPLIMIENTO DE ORDEN

**AL HONORABLE TRIBUNAL**:

Comparecen **LEMVEGA CAPITAL, LLC.,** en adelante (**LEMVEGA**) **y CAROLINE FARAH LEMBCK**, en adelante (**LEMBCK**), denominados en conjunto los **DEMANDANTES**, a través de su representante legal, y muy respetuosamente **EXPONE, ALEGA Y SOLICITA**:

1. El mismo día, 6 de marzo de 2025, entrada número 20 de SUMAC, este Honorable Tribunal emitió Orden a la Secretaría de este Tribunal para que se expidiera el emplazamiento por edictos y se notificara el mismo a la mayor brevedad.

2. Que, en esa misma Orden del 6 de marzo de 2025, se le apercibió a la parte demandante que presentara prueba de la publicación del edicto.

3. La Secretaría de este Honorable Tribunal expidió el Emplazamiento por Edictos el 18 de marzo de 2025, véase entrada número24 de SUMAC.

4. La parte aquí compareciente le informa a este Honorable Tribunal que con fecha del 26 de marzo de 2025 el edicto fue publicado. Véase evidencia de publicación que se aneja.

**POR TODO LO CUAL**, los DEMANDANTES muy respetuosamente SOLICITAN a este Honorable Tribunal que declare **HA LUGAR** la presente Moción y en su consecuencia:

1. De por cumplido su apercibimiento a la parte demandante según la Orden del 6 de marzo de 2025.

2.      Conceda cualquier otro remedio que en derecho y equidad proceda.

**RESPETUOSAMENTE SOMETIDO**

En San Juan, Puerto Rico a 27 de marzo de 2025.

f./ *Abelardo O. Dauhajre Dávila*

**Abelardo O. Dauhajre Dávila**
**RUA 17,919**
Abogados de los Demandantes
550 Ave. de la Constitución
Apt. 607
San Juan, PR  00901
Tel. 787-309-4186
E-mail: abedauhajre@outlook.com

2

The San Juan Daily Star | **Wednesday, March 26, 2025** | **19** | **LEGAL** Notices

EL SECRETARIO(A) que suscribe le notifica a usted que el 19 de marzo de 2025, este Tribunal ha dictado Sentencia, Sentencia Parcial o Resolución en este caso, que ha sido debidamente registrada y archivada en autos donde podrá usted enterarse detalladamente de los términos de la misma. Esta notificación se publicará una sola vez en un periódico de circulación general en la Isla de Puerto Rico, dentro de los 10 días siguientes a su notificación. Y, siendo o representando usted una parte en el procedimiento sujeta a los términos de la Sentencia, Sentencia Parcial o Resolución, de la cual puede establecerse recurso de revisión o apelación dentro del término de 30 días contados a partir de la publicación por edicto de esta notificación, dirijo a usted esta notificación que se considerará hecha en la fecha de la publicación de este edicto. Copia de esta notificación ha sido archivada en los autos de este caso, con fecha de 21 de marzo de 2025. En Fajardo, Puerto Rico, el 21 de marzo de 2025. WANDA SEGUÍ REYES, SECRETARIA. LYDIA E. RIVERA MIRANDA, SECRETARIA AUXILIAR DEL TRIBUNAL.

**LEGAL NOTICE**

ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE PRIMERA INSTANCIA CENTRO JUDICIAL DE ARECIBO SALA SUPERIOR DE ARECIBO

**ANABELLE REYES CRUZ Y OTROS**

Demandante V.

**EXPARTE**

Demandado(a)

Caso Núm.: AR2024CV01564. (Salón: 403 - CIVIL). Sobre: EXPEDIENTE DE DOMINIO. NOTIFICACIÓN DE SENTENCIA POR EDICTO. FERNANDO H. PADRÓN JIMÉNEZ; FPADRONJIMENEZ@HOTMAIL.COM.

A: TODO AQUÉL QUE TENGA ALGÚN DERECHO REAL O INTERÉS SOBRE EL INMUEBLE DESCRITO EN LA PETICIÓN DE DOMINIO QUE MUESTRA EL EPÍGRAFE; A LAS PERSONAS IGNORADAS A QUIENES PUEDA PERJUDICAR LA INSCRIPCIÓN, A LOS ANTERIORES DUEÑOS DIÓGENES TORRES PÉREZ Y ALTAGRACIA DE LA CRUZ TAVAREZ Y SUS SUCESORES; A LA ANTERIOR COLINDANTE ELIZETTE OCASIO; AHORA SUCESIÓN ANTONIO GUITARD TORRES Y

SUS SUCESORES; A FIDEL PASTORIZA RUIZ Y SUS SUCESORES Y EN GENERAL A TODA PERSONA QUE QUIERA OPONERSE A LA PRETENSIÓN DE LOS PROMOVENTES.

(Nombre de las partes que se les notifican la sentencia por edicto)

EL SECRETARIO(A) que suscribe le notifica a usted que el 20 de marzo de 2025, este Tribunal ha dictado Sentencia, Sentencia Parcial o Resolución en este caso, que ha sido debidamente registrada y archivada en autos donde podrá usted enterarse detalladamente de los términos de la misma. Esta notificación se publicará una sola vez en un periódico de circulación general en la Isla de Puerto Rico, dentro de los 10 días siguientes a su notificación. Y, siendo o representando usted una parte en el procedimiento sujeta a los términos de la Sentencia, Sentencia Parcial o Resolución, de la cual puede establecerse recurso de revisión o apelación dentro del término de 30 días contados a partir de la publicación por edicto de esta notificación, dirijo a usted esta notificación que se considerará hecha en la fecha de la publicación de este edicto. Copia de esta notificación ha sido archivada en los autos de este caso, con fecha de 20 de marzo de 2025. En Arecibo, Puerto Rico, el 20 de marzo de 2025. VIVIAN Y. FRESSE GONZÁLEZ, SECRETARIA. PILAR H. MERCADO GONZÁLEZ, SECRETARIA AUXILIAR DEL TRIBUNAL.

**LEGAL NOTICE**

ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE SAN JUAN.

**LEMVEGA CAPITAL, LLC. Y CAROLINE FARAH LEMBCK**

DEMANDANTES vs.

**KIAVASH KAZEMIAN, MICHAEL THOMAS KELLY, JOHN Y JANE DOE,**

DEMANDADOS

CIVIL NÚM.: SJ2024CV10738. SALÓN: 901. SOBRE: ENTREDICHO PROVISIONAL; INJUNCTION PROVISIONAL Y PERMANENTE; DAÑOS Y PERJUICIOS; INCUMPLIMIENTO DE CONTRATO. EMPLAZAMIENTO POR EDICTOS. LOS ESTADOS UNIDOS DE AMÉRICA EL PRESIDENTE DE LOS ESTADOS UNIDOS EL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

A: KIAVESH KAZEMIAN; MICHAEL THOMAS KELLY; JOHN DOE Y JANE DOE

Por medio del presente edicto se les notifica de la radicación de una Demanda de Acción Civil en la que se solicita Entredicho Provisional; Injunction Provisional y Permanente; Daños y Perjuicios; Incumplimiento De Contrato. El/La demandante solicita del Tribunal que declare con lugar la Demanda y dicte Sentencia en su contra. POR EL PRESENTE EDICTO se le emplaza y requiere que conteste la misma dentro de treinta (30) días siguientes a la publicación de este Edicto, que será publicado una sola vez, radicando el original de la contestación en el original de la misma ante el Honorable Tribunal mediante SUMAC presentada electrónicamente en https://tribunal-electronico.ramajudicial.pr/sumac2018/ y notificándole con copia fiel a/a la representante legal de la parte Demandante: Ledo. Abelardo O. Dauhajre Dávila, 550 Ave. De La Constitución, San Juan, PR 00901-2314; teléfono (787) 309-4186, abedauhajre@outlook.com; si dejare de así hacerlo, se le anotará la rebeldía y se dictará sentencia con-tra usted concediendo el remedio solicitado sin más citarle ni oírle. EXTENDIDO BAJO MI FIRMA Y EL SELLO DEL TRIBUNAL, En San Juan, Puerto Rico, hoy 18 de marzo de 2025. GRISELDA RODRIGUEZ COLLADO, Secretario(a) del Tribunal. POR: LANCA C. REYNOSO ESQUILIN, SECRETARIA DE SERVICIOS A SALA.

**LEGAL NOTICE**

ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE PRIMERA INSTANCIA CENTRO JUDICIAL DE FAJARDO SALA SUPERIOR DE FAJARDO

**LEGACY MORTGAGE ASSET TRUST 2019-PR1**

Demandante V.

**SUCESION DE MARIA DOLORES CARRILLO DE LEON T/C/C MARIA DOLORES CARRILLO T/C/C MARIA D. CARRILLO DE LEON Y OTROS**

Demandado(a)

Caso Núm.: FA2021CV00564. (Salón: 307). Sobre: COBRO DE DINERO - ORDINARIO Y OTROS. NOTIFICACIÓN DE SENTENCIA POR EDICTO ENMENDADA.

ROBERTO CARLOS LÁTIMER VALENTÍN - LATIMERRC@LBRGLAW.COM.

A: ROGELIO LUIS ROBLES CARRILLO SUCN DE MARIA DOLORES CARRILLO DE LEON T/C/C MARIA DOLORES CARRILLO T/C/C MARIA D CARRILLO DE LEON BO FLORENCIO, 141 B

COMM RURAL ESPANTA SUEÑO FAJARDO PR 00738 Y/O COMM RURAL ESPANTA SUEÑO 141B CARR 985 KM 3.5, FAJARDO PR 00738 Y/O COMM RURAL ESPANTA SUEÑO, SECTOR VISTA HERMOSA, 141 B CALLE 2, FAJARDO PR 00738; LUIS FELIPE FRACAS CARRILLO SUCN DE MARIA DOLORES CARRILLO DE LEON T/C/C MARIA DOLORES CARRILLO T/C/C MARIA D. CARRILLO DE LEON COMM RURAL ESPANTA SUEÑO, 141 B CARR 985 KM3.5, FAJARDO PR 00738 Y/O SECTOR VISTA HERMOSA, 141-B CALLE 2, FAJARDO PR 00738 Y/O BO. FLORENCIO, 141 B COMM RURAL ESPANTA SUEÑO, FAJARDO PR 00738 Y/O HC-66 BOX 10099, SARA ORTIZ, SUCN DE JOSE DOLORES ORTIZ SANTANA, 141-B COMM RURAL ESPANTA SUEÑO, FAJARDO PR 00738 Y/O COMM RURAL ESPANTA SUEÑO 141-B CARR 985, KM 3.5 FAJARDO PR 00738 Y/O HC-66 BOX 10099, FAJARDO PR 00738 Y/O COMM RURAL ESPANTA SUEÑO, SECTOR VISTA HERMOSA, 141-B CALLE 2, FAJARDO PR 00738 FULANO Y SUTANO DE TAL SUCN DE JOSE DOLORES ORTIZ SANTANA, BO FLORENCIO, 141-B COMM RURAL ESPANTA SUEÑO, FAJARDO PR 00738 Y/O COMM RURAL ESPANTA SUEÑO, 141-B CARR 985, KM 3.5, FAJARDO PR 00738 Y/O COMM RURAL ESPANA SUEÑO SECTOR VISTA HERMOSA, 141 B CALLE 2, FAJARDO PR 00738.

(Nombre de las partes que se le notifican la sentencia por edicto)

EL SECRETARIO(A) que suscribe le notifica a usted que el 12 de marzo de 2025, este Tribunal ha dictado Sentencia, Sentencia Parcial o Resolución en este caso, que ha sido debidamente registrada y archivada en autos donde podrá usted enterarse detalladamente de los términos de la misma. Esta notificación se publicará una sola vez en un periódico de circulación general en la Isla

de Puerto Rico, dentro de los 10 días siguientes a su notificación. Y, siendo o representando usted una parte en el procedimiento sujeta a los términos de la Sentencia, Sentencia Parcial o Resolución, de la cual puede establecerse recurso de revisión o apelación dentro del término de 30 días contados a partir de la publicación por edicto de esta notificación, dirijo a usted esta notificación que se considerará hecha en la fecha de la publicación de este edicto. Copia de esta notificación ha sido archivada en los autos de este caso, con fecha de 20 de marzo de 2025. Notas de Secretaria: SE ENMIENDA A LOS FINES DE CORREGIR EL APELLIDO DE ROGELIO LUIS MORALES CARRILLO EL CUAL DEBE LEER ROGELIO LUIS ROBLES CARRILLO. En Fajardo, Puerto Rico, el 20 de marzo de 2025. WANDA SEGUÍ REYES, SECRETARIA. LINDA I. MEDINA MEDINA, SECRETARIA AUXILIAR DEL TRIBUNAL.

**LEGAL NOTICE**

ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE CAROLINA

**BANCO POPULAR DE PUERTO RICO**

Demandante Vs.

**SUCESION DE JUAN NUÑEZ GONZALEZ, COMPUESTA POR SU VIUDA CORAIMA PALOMA MERCEDES DE NUÑEZ, SUS HIJOS JUAN CRISTOBAL NUÑEZ MONTAÑEZ Y NAYSHA PRISCILA NUÑEZ MONTAÑEZ; SUS NIETOS FULANO DE TAL Y ZUTANO DE TAL DESCENDIENTES DE LESLIE JOHN NUÑEZ RODRIGUEZ, HEREDEROS DESCONOCIDOS; CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES (CRIM)**

Demandado(a)

Civil Núm.: CA2023CV00358. (408). Sobre: COBRO DE DINERO (EJECUCIÓN DE HIPOTECA POR LA VÍA ORDINARIA. EDICTO DE SUBASTA.

AI: PÚBLICO EN GENERAL.

A: SUCESION DE JUAN NUÑEZ GONZALEZ, COMPUESTA POR SU VIUDA CORAIMA PALOMA MERCEDES DE NUÑEZ, SUS HIJOS JUAN CRISTOBAL NUÑEZ MONTAÑEZ

Y NAYSHA PRISCILA NUÑEZ MONTAÑEZ; SUS NIETOS FULANO DE TAL Y ZUTANO DE TAL DESCENDIENTES DE LESLIE JOHN NUÑEZ RODRIGUEZ, HEREDEROS DESCONOCIDOS; CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES (CRIM).

Yo, HÉCTOR L. PEÑA RODRÍGUEZ, ALGUACIL PLACA #278, Alguacil de este Tribunal, a la parte demandada y a los acreedores y personas con interés sobre la propiedad que más adelante se describe, y, al público en general, HAGO SABER: Que el día 21 DE ABRIL DE 2025, A LAS 11:00 DE LA MAÑANA en mi oficina, sita en el Tribunal de Primera Instancia, Sala Superior de Carolina, Carolina, Puerto Rico, venderé en Pública Subasta la propiedad inmueble que más adelante se describe y cuya venta en pública subasta se ordenó por la vía ordinaria al mejor postor quien hará el pago en dinero en efectivo, giro postal o cheque certificado a nombre del o la Alguacil del Tribunal de Primera Instancia. Los autos y todos los documentos correspondientes al procedimiento incoado estarán de manifiesto en la Secretaría del Tribunal de Carolina durante horas laborables. Que en caso de no producir remate ni adjudicación en la primera subasta a celebrarse, se celebrará una SEGUNDA SUBASTA para la venta de la susodicha propiedad, el día 28 DE ABRIL DE 2025, A LAS 11:00 DE LA MAÑANA y en caso de no producir remate ni adjudicación, se celebrará una TERCERA SUBASTA el día 5 DE MAYO DE 2025 A LAS 11:00 DE LA MAÑANA, en mi oficina sita en el lugar antes indicado. La propiedad a venderse en pública subasta se describe como sigue: RÚSTICA: Parcela marcada con el número 191 en el plano de parcelación de la Comunidad Rural Buenaventura del Barrio Trujillo Bajo del término municipal de Carolina, Puerto Rico, con una cabida superficial de 471.56 metros cuadrados. En lindes: por el NORTE, con parcela 45-A y entrada de acceso de la comunidad; por el SUR, con las parcelas 78 y 79 de la comunidad; por el ESTE, con parcela 45-C de la comunidad y por el OESTE, con parcela 44-A de la comunidad. Inscrita al folio 13 del tomo 1397 de Carolina, finca #44,194 del Registro de la Propiedad de Carolina, Sección Segunda. Modificada la hipoteca de la inscripción 3ra., en cuanto a que se cancela parcialmente por la suma de $4,774.40 para

un nuevo principal que son $67,225.60 y el interés que será al 2.375% anual, comenzando el 1ro de septiembre de 2014; durante los próximos 2 meses al 3.375% anual; al 4.125% anual durante los próximos 20 meses, venciendo el día 1ro. de septiembre de 2037, según la escritura número 173, otorgada en San Juan, Puerto Rico, el día 18 de agosto de 2014, ante la Notario Público Rosanna Rivera Sánchez, inscrita al folio 90 del tomo 1521 de Carolina, Registro de la Propiedad de Carolina, Sección Segunda, finca número 44,194, inscripción 3ra. Modificada nuevamente la hipoteca de la inscripción 3ra.,en cuanto a que se cancela parcialmente en la suma de $9,227.19 para un nuevo principal de $57,998.41 y el interés que será al 4.125% anual, venciendo el 1ro. de noviembre de 2060, según la escritura número 148, otorgada en San Juan, Puerto Rico, el día 30- de octubre de 2020, ante el Notario Público Francisco Javier Del Valle Torres, inscrita al tomo Karibe de Carolina, Registro de la Propiedad de Carolina, Sección Segunda, finca número 44,194, inscripción 7ma. La dirección física de la propiedad antes descrita es: Comunidad Buenaventura, Parcela 45-B, Calle Dalia, Carolina, Puerto Rico. La Subasta se llevará a efecto para satisfacer a la parte demandante la suma de $56,964.57 de principal, más intereses al 4.125% anual, desde el día 1ro. de agosto de 2022, hasta su completo pago; más las primas de seguros estipuladas en la escritura de hipoteca; contribuciones de la propiedad, de aplicar y contra riesgos; recargos por demora; los intereses devengados y la cantidad estipulada de $7,200.00 para costas, gastos y honorarios de abogado, todas cuyas sumas están líquidas y exigibles. Que la cantidad mínima de licitación en la primera subasta para el inmueble será de $57,998.41 y de ser necesaria una segunda subasta, la cantidad mínima será equivalente a 2/3 partes de aquella, o sea, la suma de $38,665.61 y de ser necesaria una tercera subasta, la cantidad mínima será la mitad del precio pactado, es decir, la suma de $28,999.21. De decla-

rarse desierta la tercera subasta se adjudicará la finca a favor del acreedor por la totalidad de la cantidad adeudada si esta es igual o menor que el monto del tipo de la tercera subasta, si el Tribunal lo estima conveniente. Se abonará dicho monto a la cantidad adeudada si esta es mayor. La propiedad se adjudicará al mejor postor, quien deberá satisfacer el importe de su oferta en moneda legal y corriente de los Estados Unidos de América en el momento de la adjudicación y que las cargas y gravámenes preferentes, si los hubiese, continuarán subsistentes, entendiéndose que el rematante los acepta y queda subrogado en la responsabilidad de los mismos, sin destinarse a su extinción el precio del remate. La propiedad para vender en pública subasta se adquirirá libre de cargas y gravámenes posteriores. Podrán concurrir como postores a todas las subastas los titulares de créditos hipotecarios vigentes y posteriores a la fiscal que desee hacerse parte en la subasta, sujeto a que logren cotizar preferentes al suyo, al obtener la buena pro del remate, debe-rá satisfacer en el mismo acto, en efectivo o en cheque de gerente, la totalidad del crédito hipotecario que se ejecuta y la de cualesquiera otros créditos posteriores al que se ejecuta pero preferente al suyo. El exceso constituirá abono total o parcial en su propio crédito. En TESTIMONIO DE LO CUAL, expido el presente Edicto para conocimiento y comparecencia de los licitadores, bajo mi firma y sello del Tribunal, en Carolina, Puerto Rico, 11 de marzo de 2025. HÉCTOR L. PEÑA RODRÍGUEZ, ALGUACIL PLACA 278, ALGUACIL DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE CAROLINA.

**LEGAL NOTICE**

ESTADO LIBRE ASOCIADO DE PUERTO RICO TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE CAGUAS

**BANCO POPULAR DE PUERTO RICO**

Parte Demandante Vs.

**LA SUCESIÓN DE VÍCTOR EMILIO ORTIZ SERRANO T/C/C VÍCTOR E. ORTIZ SERRANO COMPUESTA POR JOEL ORTIZ CLAUDIO, IAN ORTIZ DÍAZ, FULANO Y MENGANO DE TAL, POSIBLES HEREDEROS DESCONOCIDOS**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
SALA SUPERIOR DE  San Juan

| | |
|---|---|
| LEMVEGA CAPITAL, LLC. Y OTROS | CASO NÚM.  SJ2024CV10738 |
| DEMANDANTE | SALÓN NÚM:  SALÓN 901 CIVIL |
| VS | |
| KIAVASH KAZEMIAN Y OTROS | |
| DEMANDADO | SOBRE:  DAÑOS Y OTROS |

## NOTIFICACIÓN

A:   ABELARDO DAUHAJRE DAVILA
     ABEDAUHAJRE@OUTLOOK.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al(a la)  CUMPLIMIENTO DE ORDEN O RESOLUCIÓN [25] , ESCRITO AL EXPEDIENTE JUDICIAL [26] este Tribunal emitió una ORDEN el 08 de abril de 2025.

Se transcribe la determinación a continuación:

Se toma conocimiento de lo informado en cuanto a la publicación y envío de los emplazamientos por edicto. Parte demandante deberá cumplir con la Regla 4.7 de Procedimiento Civil y presentar los acuses de recibo una vez le sean remitidos.

[27]

                              f/LARISSA N ORTIZ MODESTTI

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 10 de abril de 2025, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  San Juan, Puerto Rico, a 10 de abril de 2025.

| | |
|---|---|
| GRISELDA RODRIGUEZ COLLADO | Por:   f/VIRGEN Y. DEL VALLE DIAZ |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |